THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM SHEPARD and KAREN SHEPARD,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C24-0289-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to compel (Dkt. No. 16). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.     BACKGROUND

This is an insurance coverage action involving water damage to Plaintiffs' property. (*See* Dkt. No. 1-1 at 3.) Presently before the Court is a discovery dispute between the parties. (*See generally* Dkt. No. 16.) The discovery cutoff is November 17, 2025. (Dkt. No. 13 at 1.)

In July 2024, Defendant propounded requests for production and interrogatories. (Dkt. No. 17-1.) Defendant found Plaintiff's initial response, (Dkt. No. 17-3), to be "woefully lacking." (Dkt. No. 17 at 2.) Following discussions and negotiation, (*see* Dkt. No. 17 at 2–5), Plaintiffs submitted supplemental responses. (Dkt. No. 17-11.) Defendant contends that

Plaintiffs' supplemental responses continue to be deficient and, on this basis, moves to compel on virtually all of its interrogatories and requests for production. (*See* Dkt. No. 16 at 7–14.)

## II.   DISCUSSION

### A.   Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible but must be reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *see Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). If requested discovery is withheld inappropriately or goes unanswered, the requesting party may move to compel such discovery. Fed. R. Civ. P. 37(a)(1). The Court has broad discretion to decide whether to grant the request. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). In fact, in general, the Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011); *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). As such, the Court may limit discovery to protect a party from annoyance, embarrassment, oppression, or undue burden. Fed. R. Civ. P. 26(c)(1).

### B.   The Interrogatories ("ROG" or "ROGs")

#### 1.   <u>ROGs 1, 22: Knowledgeable Parties and Third Parties</u>

ROG 1 asks Plaintiffs to identify every person who has knowledge of the water damage incident, the claim, and/or Plaintiffs' alleged damages. (Dkt. No. 17-11 at 4.) ROG 22 then asks Plaintiffs to explain how they decided to work with their contractors. (*Id.*) Defendant argues that Plaintiffs responses to both are deficient. (Dkt. No. 16 at 8.) The Court agrees with Defendant but with some qualifications.

Namely, ROG 1 is overly broad and therefore unduly burdensome. ROG 1 asks Plaintiffs to "IDENTIFY each and every PERSON who has or may have knowledge of any facts that RELATE TO . . . this LAWSUIT." Defendant cannot expect Plaintiffs to list *every* single person

with whom they may have possibly discussed this lawsuit. The Court therefore narrows ROG 1 to refer only to Plaintiffs themselves, Plaintiffs' daughter who first inspected the property, (*see* Dkt. No. 17-11 at 5), and third parties with whom Plaintiffs engaged in handling the property damage (*i.e.*, contractors, adjustors, and inspectors).

With this qualification, the Court agrees that Plaintiffs responses to ROG 1 and ROG 22 are insufficient. First, Plaintiffs failed to include in their ROG 1 response some entities and individuals mentioned in other ROGs or in Plaintiffs' other ROG responses. This is a fundamental inconsistency that Plaintiffs must cure. Second, Plaintiffs must provide a more specific response to ROG 22. While a party may generally respond to an interrogatory by referring to its production materials, it must specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Here, Plaintiffs have referred Defendant to their entire production thus far. (*See* Dkt. No. 17-11 at 34.) As such, Plaintiffs' answer lacks sufficient detail to assist Defendant with finding the answer to ROG 22.

The Court GRANTS Defendants' motion to compel with respect to ROGs 1 and 22 and ORDERS Plaintiffs to respond to each within fourteen (14) days of this Order, but only in the respects mentioned above.

2. <u>ROGs 2–4, 6–8, 18: Plaintiffs' Damages</u>

ROGs 2–4, 6–8, and 18 touch on, in one way or another, Plaintiffs' alleged damages (including the alleged property damage and any repair work performed on the property). (Dkt. No. 17-11 at 4–13, 30–31.) In seeking more fulsome answers to each, Defendant contends it is "entitled to know the damages sought by Plaintiffs in the suit and facts that relate to and pertain to those alleged damages." (Dkt. No. 16 at 9.) The Court agrees in principle; however, it disagrees that all of Plaintiffs responses are inadequate. In fact, upon review, the Court is satisfied with Plaintiffs' supplemental responses to ROGs 2–4, and 6. These responses are sufficiently detailed and, when coupled with the associated production, likely to inform

Defendant of Plaintiffs' alleged property and monetary damages. However, Plaintiffs supplemental responses to ROGs 7, 8, and 18 are insufficient.

Defendant is entitled to know what additional insurance benefits Plaintiffs believe they are entitled to recover under the Policy (at least to the extent the pleadings, production, and answers to other interrogatories do not adequately answer this question). (*See id*.) Thus, with respect to ROG 7, Plaintiffs must provide an accounting of the "factual basis" of its damages claims and the coverage purportedly owed under the policy at issue. They cannot simply "incorporate by reference their answers to other interrogatories as if fully set forth herein." (Dkt. No. 17-11 at 12.) At the very least, Plaintiffs must refer Defendant to the specific ROG answers that are also responsive to ROG 7. Plaintiffs' challenges to ROGs 8 and 18 are equally misguided. In the context of discovery, they improperly place the burden on the jury to determine damages. (*See id*. at 13, 31) (Plaintiffs state that "[t]he value of the general damages sustained as a result of the Plaintiffs' claim will be left to the collective judgment of the jury").[1] But the scope of discovery is far broader than that of permissible evidence at trial; indeed, Defendant "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim," including that related to damages. See Fed. R. Civ. P. 26(b)(1).

The Court GRANTS Defendant's motion to compel with respect to ROGs 7, 8, and 18, and ORDERS Plaintiffs to provide more fulsome responses to each within fourteen (14) days of this Order. However, because discovery is ongoing, Plaintiffs are permitted to supplement their responses as further information becomes available.

3.    ROGs 10–17: Plaintiffs' Extra-contractual Claims

ROGs 10–17 ask Plaintiffs to "**DESCRIBE IN DETAIL** each and every" fact or "all facts" that support the basis of Plaintiffs' various causes of action and allegations. (Dkt. No. 17-

---

[1] Of course, the factfinder will ultimately determine damages. But Plaintiffs must still produce information through discovery regarding their damages to allow Defendants an opportunity to mount a defense.

1   11 at 17, 18, 21, 25, 28, 30) (emphasis in original). According to Defendant, these ROGs merely

2   "seek the information and basis for Plaintiffs' numerous causes of action and allegations

3   surrounding [their] extra-contractual claims." (Dkt. No. 16 at 10.) However, upon review, the

4   Court finds these requests to be overly broad.

5       Many federal courts, including this one, have found interrogatories that "systematically

6   track all of the allegations in an opposing party's pleadings" and "ask for 'each and every fact'

7   and application of law to fact that supports the party's allegations" to be "an abuse of the

8   discovery process because they are overly broad and unduly burdensome." *Lucero v. Valdez*, 240

9   F.R.D. 591, 594 (D.N.M. 2007); *see also Olson v. City of Bainbridge Island*, 2009 WL 1770132,

10  slip op. at 4 (W.D. Wash. 2009) (upholding "overly broad" objection to interrogatory that

11  requested "all facts and all evidence" supporting a particular allegation); *Advocare Int'l, L.P. v.

12  Scheckenbach*, 2009 WL 3064867, slip op. at 1 (W.D. Wash. 2009) (same); *Taber v. Cascade

13  Designs, Inc.*, 2023 WL 3075765, slip op. at 3 (W.D. Wash. 2023) (same). ROGs 10–17 are

14  primary examples of the types of interrogatories that prior courts have found overly broad for

15  "systematically track[ing]" Plaintiffs' allegations. *See Lucero*, 240 F.R.D. at 594. And, in any

16  event, the Court has also reviewed Plaintiffs' supplemental responses and finds that they provide

17  sufficient notice of Plaintiffs' claims.

18      The Court DENIES Defendant's motion to compel further responses to ROGs 10–17.

19          4.    <u>ROG 20: Payments</u>

20      ROG 20 asks Plaintiffs to explain how they "spent or used all **POLICY** benefits paid by

21  **ALLSTATE**." (Dkt. No. 17-11 at 32) (emphasis in original). Again, Plaintiffs merely refer to

22  their entire production thus far but "agree to supplement this question as ongoing repairs are

23  completed." (*Id.* at 33.) The Court appreciates that Plaintiffs may need to adjust their discovery

24  responses as circumstances develop. *See* Fed. R. Civ. P. 26(e)(1). Nevertheless, Plaintiffs cannot

25  refer to their production in its entirety when responding to an interrogatory; they must at least

26  specify a Bates range to enable Defendant to find the information within the production. *See* Fed.

ORDER
C24-0289-JCC
PAGE - 5

R. Civ. P. 33(d)(1).

The Court ORDERS Plaintiffs to narrow their response to ROG 20.

C.    The Requests for Production ("RFP" or "RFPs")

As a threshold matter, the Court finds RFPs 10–17, 19–23, 24–25, 37–38, and 39 to be overly broad, unduly burdensome, or otherwise improper.

RFPs 10–17 and 19–23 seek legal argument under the guise of discovery. For instance, RFP 10 asks Plaintiffs to "[p]roduce all **DOCUMENTS** . . . [that] **RELATE TO YOUR** contention that **ALLSTATE** breached the **POLICY**." (Dkt. No. 17-11 at 36) (emphasis in original). Meanwhile, RFP 19 asks Plaintiffs to "[p]roduce all **DOCUMENTS** . . . [that] **RELATE TO** any alleged damages . . . as a result [of] **ALLSTATE'S** alleged breach of the **POLICY**." (*Id*. at 44) (emphasis in original). These requests essentially ask Plaintiffs to disclose their legal analysis with respect to each individual claim. This is improper. Defendant is certainly entitled to discover all facts relevant to Plaintiffs' claims, but it is not entitled to premature disclosure of Plaintiffs' legal arguments.

Likewise, RFPs 24 and 25 effectively seek attorney work-product. RFP 24 asks Plaintiffs to produce all materials they reviewed with their attorneys in answering the interrogatories, while RFP 25 requests all materials Plaintiffs might offer as exhibits at trial. (*Id*. at 45–46.) Any production made in response to RFPs 24 and 25 would necessarily reflect some level of Plaintiffs' counsel's mental impressions, at least as they relate to discovery and trial preparation. And once again, Defendant may not use discovery as a means of unveiling Plaintiffs' counsel's litigation strategy.

As for RFPs 37 and 38, the Court agrees with Plaintiffs that these requests are overbroad and unduly burdensome. RFP 37 seeks Plaintiffs' communications with *any* third party (including, for instance, Plaintiffs' neighbors) that are in *any way* related to Plaintiffs' claims, and RFP 38 seeks *any* materials Plaintiffs posted to social media that are *in any way* related to their claims or this lawsuit. (*Id*. at 50–51.) With respect to RFP 37, as noted, the only relevant

third parties here are (1) Plaintiffs' daughter, and (2) any contractors, adjusters, or inspectors who worked on Plaintiffs' insurance claim or the property damage. With respect to RFP 38, the Court appreciates Defendant's argument that it is entitled to materials that represent Plaintiffs' living status where they have put their quality of life at issue. (*See* Dkt. No. 16 at 13.) However, Defendant "must narrow the scope of its request and provide greater specificity as to the particular documents [it] seeks." *Ball v. McMenamins Brew Pubs, Inc.*, 2023 WL 3467316, slip op. at 3 (W.D. Wash. 2023) (denying motion to compel where Defendant "request[ed] a complete archive of all of Plaintiff's Facebook and other social media accounts").

Finally, RFP 39 (mislabeled as RFP 37) seeks privileged communication between spouses. Defendant maintains that RFP 39 is nevertheless proper because the spousal privilege is limited in civil actions, and therefore there may be some communications between Plaintiffs that are discoverable. (Dkt. No. 17-5 at 8.) Not so. The spousal communication privilege under Washington law[2] is broad. *See Barbee v. Luong Firm, P.L.L.C.*, 107 P.3d 762, 765–66 (2005) (analogizing confidential communications between a married couple "to other privileges surrounding confidential communications, such as attorney-client"). In turn, the Court sustains Plaintiffs' objection that RFP 39 seeks communications protected by the spousal privilege.

As for the remaining RFPs, Defendant has not met its burden of proving that Plaintiffs possess the materials it seeks.[3] Instead, Defendant categorically states that "[i]t is unfathomable" that "the universe of communications and documents related to this litigation is limited to approximate [*sic*] 100 unique documents and post loss photographs (and no documents from the

---

[2] State law governs privilege where a federal court is sitting in diversity. *See* Fed. R. Evid. 501 ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a . . . person . . . shall be determined in accordance with State law.")

[3] A party must produce any materials that are within "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The party seeking production bears the burden of proving that the responding party has "control" over the requested materials. *U.S. v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).

ORDER
C24-0289-JCC
PAGE - 7

actual repairs to the home)." (Dkt. No. 16 at 12; *see also id*. at 13) ("It is unfathomable that there are no additional documents outside of what was previously produced"). But the Court cannot compel documents merely because it is "unfathomable" to Defendant that they might not exist. To its credit, Defendant is correct that "Plaintiffs have a duty under the rules to produce all responsive documents." (*Id*.) But that assertion alone is still insufficient to prove that Plaintiffs *actually* possess the additional documents that Defendant seeks. Defendant is entitled to discovery of all responsive materials in Plaintiffs' possession, but it cannot expect Plaintiffs to create them out of thin air.

In turn, Plaintiffs' discovery responses and related briefings indicate that there is presently nothing for the Court to compel. Of note, Plaintiffs have represented time and again that they have produced everything in their possession so far in good faith. (*See* Dkt. Nos. 17-12 at 3, 18 at 10.) Separately, with respect to Defendant's requests for expert materials, Plaintiffs have explained, convincingly, that "[d]iscovery is ongoing, and Plaintiffs have not yet retained litigation experts." (Dkt. No. 17-11 at 47.) This is more than reasonable considering that expert disclosures are not due for over two months. (*See* Dkt. No. 13 at 1) (expert disclosure is due June 13, 2025).

Furthermore, Plaintiffs maintain that they will continue to search their records and supplement their productions in good faith. (*See* Dkt. Nos. 17-11 at 47, 18 at 10.) The Court is satisfied with Plaintiffs' promise to continue searching for responsive materials. Moreover, the Court is especially unmotivated to compel production now, where the discovery cutoff remains many months away. (*See* Dkt. No. 13 at 1) (the discovery cutoff is November 17, 2025).

Finally, to assuage any concerns of bad faith or willful noncompliance, the Court notes that whatever responsive materials Plaintiffs fail to produce by the discovery cutoff are equally unusable for Plaintiffs. Moreover, to the extent any such materials are found after the close of discovery and Plaintiffs cannot provide a valid, good faith reason for the lack of disclosure, such conduct is heavily sanctionable. Accordingly, given the stakes and consequences associated with

willful noncompliance, Plaintiffs' representations that they have produced everything to date, yet will continue to search and supplement, and the fact that the parties are well ahead of the discovery cutoff, the Court finds it unnecessary to compel a response to the RFPs at this time. The Court therefore DENIES Defendant's motion to compel as it relates to the remaining RFPs.

### III.   CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant's motion to compel (Dkt. No. 16). Moreover, because the Court denied most of Defendant's requests, it declines to award attorney fees to Defendant in bringing its motion.

DATED this 2nd day of April 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE